IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSEPH LINDSEY                                                                                        PLAINTIFF

v.                                          Case No. 2:13-CV-02192

SHERIFF WILLIAM HOLLENBECK, Sebastian County,
Arkansas; JAIL ADMINISTRATOR JOHN DEVANE;
MEDICAL ADMINISTRATOR PAM CARNELL;
ASSISTANT MEDICAL ADMINISTRATOR KATHY JONES;
DIRECTOR OF INMATE MANAGEMENT JOHN MILLER;
and DIRECTOR OF NURSES CINDY MOORE, all sued in
both their official and individual capacities                                               DEFENDANTS

**ORDER**

On March 14, 2017 the Court entered an order (Doc. 99) allowing Plaintiff Joseph Lindsey's appointed counsel to withdraw. The basis for that withdrawal was Plaintiff's failure to communicate with or provide information to his appointed counsel, including medical records and reports responsive to Defendants' discovery requests. In granting that order, the Court also noted that Plaintiff was a wanted absconder from his state-sentenced supervision. It appears that Plaintiff is still a fugitive.[1] The Court directed that the order be mailed to Plaintiff's suspected address, derived from an incorrect address Plaintiff left on file with his attorney after being released from the custody of the Arkansas Department of Correction (ADC). The Court further directed that the order be mailed to the ADC facility where Plaintiff was last held so that mail might be forwarded to him. Mail was returned from ADC, but has not been returned from Plaintiff's suspected address. The Court gave Plaintiff until March 30, 2017 to respond to the order and inform the Court whether Plaintiff intended to proceed pro se or secure new counsel. No response was filed.

---

[1] *See* https://www.ark.org/dcc/absconder/index.php/search/detail/0154497 (last accessed March 31, 2017).

1

Local Rule 5.5(c)(2) admonishes a party appearing pro se that he must keep the Court informed of his addresses and prosecute his action diligently.  Pro se plaintiffs are cautioned that failure to respond within 30 days to a communication from the Court may result in dismissal.  Federal Rule of Civil Procedure 41(b), with which a pro se party is expected to be familiar, similarly cautions plaintiffs that failure to prosecute or to comply with a Court order may result in dismissal.  In light of Plaintiff's failure to comply with or otherwise respond to a Court order, the uncertainty about his present address, his refusal to participate in discovery or to assist his court-appointed attorney, and his current absconsion from justice, it appears that Plaintiff is abandoning the pursuit of his claims, and this lawsuit will be dismissed for failure to prosecute.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE.  Judgment will be entered accordingly.

IT IS SO ORDERED this 31st day of March, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE